UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLANA BONNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1047 CDP |
| ) | |
| DAYBREAK EXPRESS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This personal injury action is brought by Willana Bonner against Daybreak Express, Inc. and Odell Carr. Bonner seeks damages for injuries sustained in an automobile accident with a tractor-trailer driven by Carr and owned by Daybreak Express. Bonner filed her case pursuant to this court's diversity jurisdiction, but now seeks to name additional non-diverse defendants. She moves to dismiss this case without prejudice so that she may refile in the Circuit Court for the City of St. Louis. Defendants oppose the motion, arguing that they would be prejudiced by a dismissal because of discovery expenses already incurred. Because I conclude that Bonner has presented a sufficient explanation for dismissal and that such a dismissal would not prejudice defendants, I will grant Bonner's motion to dismiss without prejudice.

## Background

On February 20, 2010, Bonner was a passenger in a 2009 Chevrolet Suburban traveling southbound on North Memorial Drive in St. Louis, Missouri. Near the location of 350 North Memorial Drive, Defendant Carr, driving a tractor-trailer owned by Daybreak Express, collided with a 2001 Kia Optima driven by Odessa Dupree. The Optima in turn collided with the back of the Suburban in which Bonner was a passenger. Bonner's complaint alleged that she sustained permanent and disabling injuries to her head, neck, back, and spine, and emotional trauma related to the injuries. Bonner alleged that she had undergone medical treatment related to these injuries in excess of $180,000, and sustained a combined, current and future wage loss in excess of $100,000.

In June of 2011, Bonner filed her case pursuant to this court's diversity jurisdiction, naming Express Daybreak and Carr as defendants. Bonner is a resident of Missouri. Carr is a resident of New Jersey, and Express Daybreak is a Delaware company with its principal place of business in New Jersey. To date, the parties have exchanged interrogatories and requests to produce documents. The only deposition taken has been that of Bonner.

In December of 2011, Bonner filed this motion to dismiss without prejudice. She wishes to add Odessa Dupree, a Missouri resident, as a defendant, as well as

the Missouri Department of Transportation and the City of St. Louis. As any of these parties would defeat diversity, Bonner wishes to refile her case in Missouri state court. Defendants argue that dismissal would prejudice them because Bonner intends to refile the case in state court, and because they have already incurred litigation costs.

## Discussion

If a defendant has answered or filed a motion for summary judgment, a plaintiff may dismiss an action "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would "unfairly affect" the defendant. *See Paulucci v.City of Duluth*, 826 F.2d 780, 782 (8th Cir.1987). Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit. *Id.*

Factors to be considered when deciding a Rule 41(a)(2) motion include: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant. *Id.* at 783. To deny a dismissal without prejudice, a defendant must suffer "plain legal

prejudice," which is more than a showing that a plaintiff "will gain a tactical advantage by his action." *Hoffman v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979).

All of the factors weigh in favor of granting Bonner's motion to dismiss without prejudice. Although defendants have incurred some litigation expenses, this case is in the early stages and discovery has been minimal. *See, e.g.*, *Cairo Marine Serv., Inc. v. Homeland Ins. Co. of N.Y.*, No. 4:09CV1492 CDP, 2010 WL 4614693 at *2 (E.D. Mo. Nov. 4, 2010) (denying motion to dismiss without prejudice when case had been pending for more than a year, the parties had filed multiple motions, and discovery had been completed). In citing a desire to add a non-diverse defendant, Bonner has offered a sufficient explanation of the need for dismissal. *See, e.g., O'Reilly v. R.W. Harmon & Sons, Inc.*, 124 F.R.D. 639, 640-41 (W.D. Mo. 1989). Only six months passed between the filing of Bonner's complaint and this motion. *See Johnson v. Wynne*, 239 F.R.D. 283, 287 (D.D.C. 2006) (court granted motion to dismiss without prejudice after eight month delay). No motion for summary judgment has been filed in this case, nor any other motion which would require significant legal time or resources. *See Cairo Marine Service*, 2010 WL 4614693 at *2. The only other prejudice defendants cite is being deprived of Bonner's "originally selected forum." Docket No. 32 at 3. This

is nothing more than a "tactical advantage," and thus an insufficient reason to deny the motion. *Hoffman*, 596 F.2d at 823.

The district court has discretion under Rule 41(a)(2) to condition dismissal on plaintiff's payment of defendant's costs and attorneys' fees. *Reddy v. Rallapally*, 103 Fed. App'x 65, 66 (8th Cir. 2004). Bonner has expressed an intention to refile the claims in state court and thus potentially impose duplicative expenses upon defendants. I find, therefore, that as a condition of Bonner's refiling the same cause of action, she must pay defendants' costs, expenses, and fees of litigating this case, except for the expenses of any discovery that will be used in the state case. *See Hart v. Globe Life and Acc. Ins.* Co., 4:09CV67 MLM, 2009 WL 1872529 at *1 (E.D. Mo. June 29, 2009); *Spalsbury v. Sisson*, 250 Fed. App'x 238, 250 (10th Cir. 2007).

Finally, defendants request permission to remove this matter to Federal Court at any time if Bonner dismisses the non-diverse defendants in a state court claim. This is a purely hypothetical question, over which the Court has no jurisdiction. *Van Allsburg v. City of Kansas City, Mo.*, 600 F. Supp. 1226, 1235 (W.D. Mo. 1984) (citing U.S. Const. art. III, § 2). Therefore, I cannot make such a ruling.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss without prejudice [#30] is granted.  A separate order of dismissal is entered this same date.

**IT IS FURTHER ORDERED** that in the event plaintiff refiles this same cause of action against the defendants, whether in state or federal court, as a pre-condition for the refiled cause of action to proceed, plaintiff shall pay defendants expenses, costs, and attorneys' fees they incurred in the instant cause of action.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2012.